# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

HELLER FINANCIAL LEASING, INC.,

*Plaintiff,*

v.

LTX CORPORATION,

*Defendant.*

CIVIL ACTION NO.: _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT

Plaintiff Heller Financial Leasing, Inc. ("HFL") brings this action to enforce certain lease agreements that were executed by defendant LTX Corporation, as lessee ("LTX"), in favor of Matrix Funding Corporation, as lessor ("MFC"). HFL has acquired MFC's rights under the subject lease agreements as well as title to the equipment subject to the lease agreements, as described more fully below. Under the lease agreements, LTX agreed among other things to make quarterly rental payments and, if these payments were not made when due, to pay late charges and interest on the outstanding payments. LTX is in default under the lease agreements for failure to pay late charges arising from payments that LTX did not make when due. HFL seeks, among other relief, payment of the late charges and possession of the property subject to the lease agreements.

### PARTIES

1. HFL is a Delaware corporation with its principal place of business at 500 West Monroe Street, Chicago, Illinois.

2. LTX is a Massachusetts corporation with its principal place of business at University Avenue, Westwood, Massachusetts.

~BOST1:313923.v4
228202-4202

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 11 U.S.C. § 1332, as there is complete diversity between HFL and LTX and the amount in controversy exceeds $75,000, exclusive of costs or interest.

4.  Venue is proper in this Court under and pursuant to 28 U.S.C. § 1391, as (1) LTX is a corporation subject to personal jurisdiction in this judicial district, and is therefore deemed to reside in this judicial district, and (2) a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## BACKROUND

5.  On or about December 11, 1998, LTX and MFC entered into Master Lease Agreement No. R0742 (the "Master Lease Agreement"). A true and correct copy of the Master Lease Agreement is attached hereto as <u>Exhibit A</u>. In addition, on December 11, 1998, LTX and MFC entered into Lease Schedules Nos. 1, 2, and 3 to the Master Lease Agreement, each of which incorporates the terms and conditions of the Master Lease Agreement and which relate to the equipment described in the lease schedules and in Schedule A to the Master Lease Agreement. Subsequently, LTX and MFC entered into Lease Schedules Nos. 4, 5, 6, and 7 to the Master Lease Agreement, each of which incorporates the terms and conditions of the Master Lease Agreement and which relate to the equipment described in the lease schedules and in Schedule A to the Master Lease Agreement.

6.  On or about May 17, 1999, LTX and MFC executed Amendment Number One to the Master Lease Agreement. A true and correct copy of Amendment Number One to the Master Lease Agreement is attached hereto as <u>Exhibit B</u>.

7. On or about July 30, 1999, MFC entered into a Sale and Purchase Agreement with Matrix SPC I, Inc. ("Matrix"), pursuant to which MFC sold and assigned to Matrix all of its right, title, and interest in and to, among other things, the equipment subject to Lease Schedules Nos. 1, 2, and 3, as they had been amended from time to time, and all payments due thereunder.

8. On or about March 29, 2000, LTX and Matrix executed Lease Schedule No. 4A, into which Lease Schedules Nos. 1, 2, and 3, as they had been amended from time to time, were merged. A true and correct copy of Lease Schedule No. 4A is attached hereto as Exhibit C.

9. On or about March 29, 2000, LTX and MFC executed Lease Schedule No. 4B, into which Lease Schedules Nos. 4, 5, 6, and 7, as they had been amended from time to time, were merged. A true and correct copy of Lease Schedule No. 4B is attached hereto as Exhibit D.

10. On or about March 29, 2000, MFC sold and assigned its rights to the equipment subject to Lease Schedule No. 4B, MFC's rights to Lease Schedule No. 4B, and all payments due thereunder, to Matrix.

11. On or about March 30, 2000, Matrix and HFL entered into two separate Sale and Assignment Agreements, true copies of which are attached hereto as Exhibits E and F, pursuant to which Matrix sold and assigned to HFL all of its right, title, and interest in Lease Schedules Nos. 4A and 4B and related documents, the equipment and property subject to Lease Schedules Nos. 4A and 4B, and all rental amounts and other payments owed by LTX under Lease Schedules Nos. 4A and 4B.

12. On or about March 28, 2000, Matrix, HFL, and LTX executed a Notice and Acknowledgment of Assignment of the Master Lease Agreement and Lease Schedule No. 4A, a true copy of which is attached hereto as Exhibit G. On or about March 28, 2000, Matrix, MFC, HFL, and LTX executed a Notice and Acknowledgement of Assignment of the Master Lease Agreement and Lease Schedule No. 4B, a true copy of which is attached hereto as Exhibit H. (Exhibits G and H are referred to collectively as the "Notice of Assignment.")

13. Pursuant to Lease Schedule No. 4A, and the Notice of Assignment, LTX agreed to make quarterly rental payments in the amount of $360,000 for each of the first sixteen (16) quarters and one (1) quarterly rental payment in the amount of $900,000 for the seventeenth (17th) and final quarter, due May 1, 2004. Pursuant to Lease Schedule No. 4B and the Notice of Assignment, LTX agreed to make quarterly rental payments in the amount of $440,000 for each of the first sixteen (16) quarters and one (1) quarterly rental payment in the amount of $1,100,000 for the seventeenth (17th) and final quarter, due May 1, 2004.

14. Pursuant to Lease Schedule No. 4A and Lease Schedule No. 4B, which incorporated the terms of the Master Lease Agreement, LTX agreed to pay late charges on any rental payment that was unpaid after its due date, in the amount of twenty-five dollars ($25) or five percent (5%) of the unpaid amount, whichever is greater, up to the maximum extent permitted by law.

15. Pursuant to Lease Schedule No. 4A and Lease Schedule No. 4B, which incorporate the terms of the Master Lease Agreement, LTX agreed to reimburse HFL for all charges, costs, expenses and reasonable attorneys' fees incurred by HFL for, *inter*

*alia*, enforcement of Lease Schedules Nos. 4A or 4B or collection of any payments due under Lease Schedules Nos. 4A or 4B.

16. Pursuant to Lease Schedule No. 4A and Lease Schedule No. 4B, which incorporate the terms of the Master Lease Agreement, LTX agreed that "its obligation to pay [rental payments] and other obligations under the Lease shall be irrevocable, independent, absolute and unconditional and shall not be subject to any abatement, reduction, recoupment, defense, offset or counterclaim otherwise available to [LTX]. . . ."

17. Pursuant to Lease Schedule No. 4A and Lease Schedule No. 4B, which incorporate the terms of the Master Lease Agreement, LTX agreed that "[n]o waiver or modification by [HFL] of any of the terms and conditions [of the Lease Schedules] shall be effective unless in writing signed by an officer of Lessor."

18. LTX's final quarterly rental payments under Lease Schedules Nos. 4A and 4B, totaling $2,000,000, were due on May 1, 2004.

19. LTX did not make the final rental payments when due on May 1, 2004.

20. On or about May 25, 2004, HFL notified LTX in writing of its failure to make its final quarterly rental payments due May 1, 2004, and demanded payment of the final quarterly rental payments and $180,000 then owing in late charges.

21. On or about May 28, 2004, LTX made a payment to HFL of $2,000,000, but did not make payment of late charges.

22. On or about June 25, 2004, HFL notified LTX in writing of its failure to pay $180,000 in late charges owed to HFL, and once again demanded payment of the same.

23. HFL has still not received payment of the late charges owed by LTX.

~BOST1:313923.v4
228202-4202

24. LTX is in default under Lease Schedule No. 4A and Lease Schedule No. 4B for failure to pay late charges it agreed to pay.

## COUNT I
(Breach of Contract)

25. HFL incorporates and restates the allegations of Paragraphs 1-24 above.

26. Lease Schedules Nos. 4A and 4B are binding contracts, originally made between LTX and Matrix and LTX and MFC, respectively.

27. Lease Schedules Nos. 4A and 4B incorporate the terms of the Master Lease Agreement, a binding contract between LTX and MFC.

28. Matrix has validly assigned its right, title, and interest under Lease Schedules Nos. 4A and 4B to HFL.

29. Pursuant to Lease Schedules Nos. 4A and 4B, which incorporate the terms of the Master Lease Agreement, LTX agreed to pay late charges on all rental payments that were unpaid when due.

30. LTX failed to make rental payments due under Lease Schedules Nos. 4A and 4B, when due and owing.

31. As a result of LTX's failure to make rental payments when due and owing, late charges are due and owing HFL.

32. LTX has failed to pay late charges now owed to HFL under the lease agreements. As a result, HFL has been injured.

## COUNT II
(Breach of Contract; Repossession)

33. HFL incorporates and restates the allegations of Paragraphs 1-32 above.

34. HFL is the owner of and has title to all of the property subject to Lease Schedules Nos. 4A and 4B (the "Property").

6

~BOST1:313923.v4
228202-4202

35. LTX is in breach of and in default under Lease Schedules Nos. 4A and 4B.

36. HFL is entitled to immediate possession of the Property.

37. HFL has made demand on LTX to pay all amounts due and owing under Lease Schedules Nos. 4A and 4B, to discontinue using the Property, and to assemble the property at LTX's facility at University Avenue, Westwood, Massachusetts. LTX has not complied with the demand.

39. LTX is wrongfully detaining the Property.

~BOST1:313923.v4
228202-4202

## **PRAYERS**

WHEREFORE, HFL respectfully requests that the Court grant the following relief:

A. enter judgment in favor of HFL and against LTX;

B. award HFL its damages, including all late charges;

C. award HFL its reasonable attorneys' fees, costs, and other expenses;

D. award HFL all interest owed under contract or by law;

E. award HFL possession of the property subject to Lease Schedules Nos. 4A and 4B;

F. enter an order enjoining LTX to cease using the Property;

G. enter an order enjoining LTX to deliver the Property to HFL; and

H. grant such other relief as is just and appropriate.

HELLER FINANCIAL LEASING, INC.

By its attorneys,

_____
C. Dylan Sanders (BBO #630668)
PIPER RUDNICK LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6016 (*telephone*)
(617) 406-6116 (*fax*)

Dated: December 9, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Heller Financial Leasing, Inc. v. LTX Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __C. Dylan Sanders__
ADDRESS __Piper Rudnick LLP, One International Place, 21st Floor, 100 Oliver Street, Boston, MA, 02110-2613__
TELEPHONE NO. __(617) 406-6016__

(Coversheetlocal.wpd - 10/17/02)

✒JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Heller Financial Leasing, Inc.

**DEFENDANTS**
LTX Corporation

(b) County of Residence of First Listed Plaintiff: Cook County, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
C. Dylan Sanders, Esq., Piper Rudnick LLP,
One International Place, 21st Floor,
100 Oliver Street, Boston, MA, 02110-2613
(617) 406-6016

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

breach of lease agreement for equipment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 180,000 (exclusive of interest, attorneys fees, costs, and other expenses)

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 12/9/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____