UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELLER FINANCIAL LEASING, INC. <br><br> Plaintiff, <br><br> v. <br><br> LTX CORPORATION <br><br> Defendant. | CIVIL ACTION NO.: <br> 04-12578-MLW |

## ANSWER, COUNTERCLAIMS AND JURY DEMAND

The defendant LTX Corporation ("LTX") answers the correspondingly numbered paragraphs of the Complaint as follows:

<u>Introductory Paragraph</u>. The introductory paragraph contains conclusions of law and introductory remarks. To the extent a response is required, LTX denies the allegations in the introduction.

1. LTX denies knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 1.

2. Admitted.

3. LTX neither admits nor denies the allegations in Paragraph 3 since they contain conclusions of law to which no response is required.

4. Admitted.

5. The allegations in Paragraph 5 refer to documents which speak for themselves and thus no response by LTX is

required. To the extent that the allegations in Paragraph 5 differ from the language contained in the documents, LTX denies those allegations.

6. The allegations in Paragraph 6 refer to a document which speaks for itself and thus no response by LTX is required. To the extent that the allegations in Paragraph 6 differ from the language contained in the document, LTX denies those allegations.

7. The allegations in Paragraph 7 refer to a document which speaks for itself and thus no response by LTX is required. To the extent that the allegations in Paragraph 7 differ from the language contained in the document, LTX denies those allegations.

8. The allegations in Paragraph 8 refer to a document which speaks for itself and thus no response by LTX is required. To the extent that the allegations in Paragraph 8 differ from the language contained in the document, LTX denies those allegations.

9. The allegations in Paragraph 9 refer to a document which speaks for itself and thus no response by LTX is required. To the extent that the allegations in Paragraph 9 differ from the language contained in the document, LTX denies those allegations.

10. LTX denies knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 10.

11. LTX denies knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 11.

12. The allegations in Paragraph 12 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 12 differ from the language contained in the documents, LTX denies those allegations.

13. The allegations in Paragraph 13 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 13 differ from the language contained in the documents, LTX denies those allegations.

14. The allegations in Paragraph 14 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 14 differ from the language contained in the documents, LTX denies those allegations.

15. The allegations in Paragraph 15 refer to documents which speak for themselves thus no response by LTX is required. To the extent that the allegations in Paragraph 15 differ from

the language contained in the documents, LTX denies those allegations.

16. The allegations in Paragraph 16 refer to documents which speak for itself and thus no response by LTX is required. To the extent that the allegations in Paragraph 16 differ from the language contained in the documents, LTX denies those allegations.

17. The allegations in Paragraph 17 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 17 differ from the language contained in the documents, LTX denies those allegations.

18. The allegations in Paragraph 18 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 18 differ from the language contained in the documents, LTX denies those allegations.

19. Admitted.

20. LTX admits the allegations in Paragraph 20 but further answers that it was excused from making the final payment on May 1, 2004.

21. Admitted.

22. Denied.

23. Admitted.

4

24. Denied.

25. LTX repeats and restates its responses to the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. LTX admits that Lease Schedules Nos. 4A and 4B were made between LTX and Matrix and LTX and MFC, respectively. Further answering, the remaining allegations of Paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, LTX denies the remaining allegations.

27. The allegations in Paragraph 27 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 27 differ from the language contained in the documents, LTX denies those allegations.

28. LTX denies knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 28.

29. The allegations in Paragraph 29 refer to documents which speak for themselves and thus no response by LTX is required. To the extent that the allegations in Paragraph 29 differ from the language contained in the documents, LTX denies those allegations.

30. Denied.

31. Denied.

32. Denied.

33. LTX repeats and restates its responses to the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. LTX denies knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

[38.] LTX notes that there is no Paragraph 38.

39. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is estopped from bringing its claims.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff has waived its claims.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from asserting the claims in this action on the grounds that its own actions are responsible for

any alleged damages and not any action on the part of the defendant.

## COUNTERCLAIMS

1. LTX Corporation ("LTX") is a Massachusetts corporation with a principal place of business at University Avenue, Westwood, Massachusetts.

2. On information and belief, Heller Financial Leasing, Inc. ("HFL") is a Delaware corporation with its principal place of business at 500 West Monroe Street, Chicago, Illinois.

3. In April 2004, an employee of LTX contacted a representative of HFL and made inquiries concerning a possible extension of the final payment due under the leases on May 1, 2004.

4. On April 22, 2004, a representative of HFL returned the call to the LTX employee and stated that HFL could do something to accommodate LTX's request for an extension and promised that someone from HFL would get back to LTX.

5. Relying on these statements from HFL's representative, LTX did not believe it was obligated to pay the final lease payment due on May 1 but instead would make the final payment after a mutually agreed extension date could be arranged.

6. On May 7, 2004, a representative of HFL contacted LTX and demanded payment of the final lease payments. During this

conversation, HFL's representative agreed to go back to HFL's management and request an extension of the payment date of the final lease payment and a waiver or reduction of any late fee.

7. Once again, relying on the representations from HFL'S representative, LTX believed that it was excused from paying some or all of the late fees claimed by HFL and was not obligated to pay the final lease payment at that time.

8. Later in May, HFL contacted LTX once again and stated that HFL would refuse to work any type of accommodation with LTX. As a result, LTX immediately paid in full the final payment of $2 million to HFL.

## COUNT I
### (Breach of Covenant of Good Fair and Fair Dealing)

9. LTX repeats and restates the allegations contained in Paragraph 1 through 8 as if fully set forth herein.

10. Implicit in every contract entered in Massachusetts is the covenant of good faith and fair dealing.

11. HFL breached the covenant of good faith and fair dealing by leading LTX to believe that the final payment due under the leases would be extended beyond May 1 and then claiming penalties and late fees when the payment was not received by May 1.

12. As a result of HFL's breach of the covenant of faith and fair dealing, LTX has been damaged in an amount of at least

8

its costs of defending this lawsuit and the amount of any claimed penalties and late charges.

## COUNT II
### (Misrepresentation)

13. LTX repeats and restates the allegations contained in Paragraphs 1 through 12 as if fully set forth herein.

14. Representatives of HFL represented that they could do something to accommodate LTX's request for an extension of the date when the final payment was due under the leases.

15. LTX reasonably relied on this representation and did not make the final payment on May 1. Furthermore, LTX relied on the statement made by an HFL representative on May 7 and also did not make the final payment until later in the month based on HFL's representation that management would consider LTX's request for a later payment date and a waiver or reduction of any late fee.

16. The statements made by HFL'S representative were made with the intent to induce LTX not to make the final payment on May 1, 2004 and thus expose LTX to a claim for late fees.

17. LTX has been damaged in an amount to be determined at trial.

## COUNT III
### (Violation of Chapter 93A)

18. LTX repeats and restates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

9

19. The actions by the two different representatives of HFL in inducing LTX not to make the final payment on the date due and then claim penalties and late fees as a result of LTX's reliance on those statements constitute unfair or deceptive acts or practices.

20. As a result of these unfair and deceptive acts by HFL, LTX is entitled to its damages, including an award of its attorneys' fees, as a consequence of this violation of M.G.L. c. 93A.

WHEREFORE, LTX prays that this Court:

A.  enter judgment in its favor on all counts of the Complaint;

B.  enter judgment in its favor on its counterclaims and award it damages in an amount to be determined at trial;

C.  find that the acts of HFL were unfair and deceptive and award LTX up to triple damages and attorneys fees as provided by M.G.L. c. 93A;

D.  award LTX its costs and fees associated with defending this action; and

E.  award such other relief as is just and proper.

<u>LTX DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>

                                   LTX CORPORATION

                                   By its attorney,


                                   <u>/s/ Ian Crawford</u>
                                   Ian Crawford (BBO#544475)
                                   Todd & Weld LLP
                                   28 State Street
                                   Boston, MA  02109
                                   (617) 720-2626

DATED:  December 22, 2004